Filed 10/7/25  P. v. Reed CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICKEY REED,<br><br>        Defendant and Appellant. | A170269<br><br>(Contra Costa County<br>Super. Ct. No. 050000907493) |

Rickey Reed was convicted of 13 felony counts for the repeated sexual assault of his 13-year-old niece and sentenced under the Three Strikes law and habitual sexual offender laws.  At a resentencing hearing pursuant to Penal Code section 1172.75,[1] the trial court struck certain enhancements but denied Reed's request to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and amendments to section 1385.  On appeal, Reed contends he is entitled to remand because the trial court abused its discretion in deciding not to strike his prior strike conviction.  We affirm.

---

[1]     All further undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction and Original Sentencing

In 2012, Reed was convicted by a jury of 13 felony counts:  five counts of committing a lewd act upon a child, two counts of aggravated sexual assault of a child by oral copulation and a foreign object, kidnapping to commit a lewd act, assault with intent to commit a lewd act, false imprisonment by violence, oral copulation of a minor under age 14, sexual penetration of a drugged person, and providing methamphetamine to a minor.[2]  The jury found the kidnapping allegations true for four of the lewd act counts under the "One Strike" law (§ 667.61).  (*People v. Anderson* (2009) 47 Cal.4th 92, 99 [providing indeterminate sentences for felony sex crimes committed under certain circumstances].)

The trial court found true the five prior prison term allegations (former § 667.5, subd. (b) (§ 667.5(b))), the prior serious felony conviction allegations (§ 667, subd. (a) (§ 667(a))), a One Strike sex offender allegation (§ 667.61), and a habitual sex offender allegation (§ 667.71).  It also found the prior strike conviction allegation (§ 1170.12)—a 1996 felony conviction for lewd acts upon a child—true.  Reed was sentenced to an indeterminate term of 495 years to life, and a consecutive determinate term of 19 years and four months.

### B. Prior Appeal and Section 1170.91 Resentencing

Reed appealed the judgment.  This court stayed the six-year term on the count for oral copulation of a minor under age 14, but otherwise affirmed. (*People v. Reed* (Apr. 2, 2015, A135971) [nonpub. opn.] at p. 33.)  In 2021,

---

[2]     We grant Reed's unopposed request for judicial notice of the record from his prior appeal in *People v. Reed* (Apr. 2, 2015, A135971) [nonpub. opn.].  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

Reed petitioned for resentencing pursuant to section 1170.91 as a former member of the military. His determinate term was reduced from 19 years and four months to 12 years.

### C. Petition for Section 1172.75 Resentencing

In 2022, Reed petitioned for recall of his sentence and a full resentencing pursuant to section 1172.75, contending the five prior prison term enhancements imposed under section 667.5(b) were now legally invalid.[3] Reed also argued the trial court should exercise its discretion to strike (1) the section 667(a) prior serious felony conviction enhancements; (2) the section 667.61 and section 667.71 sex offender enhancements, and (3) his prior strike conviction.

Specifically, Reed contended the court should exercise its discretion to strike the sex offender enhancements and prior strike conviction pursuant to certain amendments to section 1385. Effective January 1, 2022, Senate Bill No. 81 amended section 1385 by adding subdivision (c) ("section 1385(c)"), which provides that a court shall dismiss an enhancement "if it is in the furtherance of justice to do so" and that, in exercising such discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." (Stats. 2021, ch. 721, § 1(c)(2).) The mitigating circumstances enumerated in those subparagraphs include when the current offense is connected to "mental illness," "prior victimization or

---

[3]     Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, which was subsequently renumbered as section 1172.75. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Aside from circumstances not present here, section 1172.75 generally invalidates section 667.5(b) enhancements imposed prior to January 1, 2020 and requires resentencing for those in custody and serving a term that includes a section 667.5(b) enhancement. (§ 1172.75, subds. (a), (c).)

childhood trauma," and when the enhancement "is based on a prior conviction that is over five years old."  (§ 1385(c)(2)(D)–(E), (H).)

Reed's motion contended he was the victim of sexual abuse in his own childhood and had been diagnosed with a substance use disorder related to his methamphetamine use and post-traumatic stress disorder related to his military service.  It also noted Reed's prior strike conviction for lewd acts upon a child occurred approximately 16 years before his original sentencing in 2012.

### D. Section 1172.75 Resentencing Hearing

At the outset of the hearing, the trial court struck the section 667.5(b) prior prison term enhancements.  It also struck the section 667(a) prior serious felony conviction enhancements, noting the People's agreement to do so.

The parties then proceeded with argument regarding the sex offender enhancements and Reed's prior strike conviction.  The court asked Reed's counsel:  "But putting aside [*People v. Avila* (2020) 57 Cal.App.5th 1134], do I even have discretion to strike those?"  Counsel responded:  "The strike, yes."  Counsel then continued:  "I know there's a question about the 667.71 enhancement.  I recognize that there is law that says otherwise.  It is Defense's argument that the recent changes in the law change that, that it does empower Your Honor with more latitude, more discretion [vis-à-vis] enhancements.  And this is an enhancement to his sentence."

In response, the People argued the court was "fairly limited" in what it could do, including both the section 667.61 and section 667.71 enhancements given the statutory language.  The People also emphasized that Reed was a "recidivist violent sexual offender" whose cumulative punishment resulted from his commission of numerous offenses on multiple victims, and referred back to their briefing indicating Reed had 11 felony and 27 misdemeanor

4

convictions from 1983 to 2006, including not only the prior felony conviction for lewd acts upon a child but also three felony and four misdemeanor convictions for indecent exposure, as well as a felony conviction for failing to register as a sex offender.

At the conclusion of arguments, the trial court stated: "So on the one hand, Mr. Reed definitely has a mitigating past. On the other hand, I think—he said this himself. And based on sort of anecdotal information, as well as the scholarship I've read, very few people that commit these types of offenses lack that mitigating history. I mean, it leads to it. [¶] And so if I were to take that as the only factor to mitigate and to take advantage of some of these ameliorative statues, assuming I can, then it would be in every case. So I have to look at all of the context. And one piece of context here is incredibly lengthy criminal history leading up to these events, including several offenses in the same category some of them misdemeanors, some of them felonies. [¶] So Mr. Reed clearly had not come to sort of the realizations that he has now come to, and—but he also just had a really astounding criminal history leading up to these horrific series of events."

The trial court continued: "And next, there's the issue of whether I even have discretion to do a significant—to make a significant change to Mr. Reed's sentence. At this point, I hear Defendant's arguments about the changes in 1385. Lacking any appellate authority to back that up, I don't see it as being applicable here. . . . [¶] And finally, while the mitigating effects of methamphetamine use were not perhaps explored, their effect on his ability to meaningfully—the meaningful opportunity to stop and reconsider, I think, was before the jury and the Court, in particular, the judge because those were facts in the case that he was providing methamphetamine to the minor and

5

using it himself. . . . And I'm just talking about that in the context of 667.61, for consecutive offenses."

The trial court concluded: "So at this time, I do not see anything before me that suggests that I should further modify the sentence[.]" The court issued an amended abstract of judgment, with Reed's indeterminate term reduced from 495 years to life to 450 years to life.

Reed timely appealed.

## DISCUSSION

At the outset we observe that Reed's appeal is limited to the trial court's decision not to strike the prior strike conviction. Reed does not contest the court's decisions regarding the One Strike sex offender finding (§ 667.61) and the habitual sexual offender finding (§ 667.71).

Where, as here, a defendant's current judgment includes a prison prior enhancement rendered invalid under section 1172.75, subdivision (a), "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing," not merely the striking of " 'newly invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) This calls for the resentencing court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In rendering its decision, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so

6

that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

We review the trial court's decision not to strike a prior strike conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).) In so doing, "we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at pp. 376–377.) Taken together, these precepts provide the following guidance. In the absence of an affirmative showing to the contrary, we presume the trial court knew and correctly applied the law. (See *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 (*Coleman*); see Cal. Rules of Court, rule 4.409.) And "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376–377.)

Reed contends there are three reasons indicating the trial court here abused its discretion. First, he suggests the court may have misunderstood its authority to strike the prior strike conviction. Second, Reed contends the court failed to conduct a sufficiently "individualized" consideration of his circumstances. Third, he argues the court failed to apply the amendments to section 1385(c) made by Senate Bill No. 81. We address, and reject, each contention in turn.

7

## A. Authority to Strike the Prior Strike Conviction

Reed contends the trial court may have believed it was "without jurisdiction" to consider his *Romero* motion, or at least it "may not have understood its full authority" in deciding whether to strike the prior strike conviction.

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony*, *supra*, 155 Cal.App.3d at p. 378.) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss" a prior strike conviction. (*Ibid.*)

Reed sees an abuse of discretion based on two comments the trial court made at the resentencing hearing. First, the court noted Reed lacked "any appellate authority" to support his argument. Second, the court questioned whether it "even" had discretion "to make a significant change" to Reed's sentence. We are not persuaded.

The record contains no affirmative showing that the trial court was unaware of the longstanding authority conferred upon courts by section 1385, subdivision (a) ("section 1385(a)") and *Romero*, *supra*, 13 Cal.4th 497, to strike a prior strike conviction in the furtherance of justice. At the resentencing hearing, the court listened respectfully when defense counsel argued at length concerning various mitigating circumstances—including evidence of Reed's longstanding substance abuse, childhood trauma and

8

sexual assault, rehabilitation in prison, and Reed's in-court statement—before ultimately concluding it would not strike the prior strike conviction. And viewing the record as a whole, including the arguments made in the parties briefing, we observe that Reed had invited the court to strike the prior strike conviction under section 1385(c), which Reed argued "necessitates the consideration of mitigating circumstances" and "specifically required courts to 'consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in [subparagraphs] (A) through (I) are present.' " (Italics omitted.) Citing the plain language of the statute and *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), the People responded that section 1385(c) applies only to sentencing enhancements, which do not include alternative sentencing schemes such as the Three Strikes law. Thus, when the court indicated Reed lacked "any appellate authority" to support the applicability of "the changes in 1385," it was rightly concluding there was no authority supporting the striking of a prior strike conviction under what Reed described as amendments governing the applicability of " 'super mitigants.' " (See *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9 (*Dowdy*) [citing *Burke*]; *People v. Olay* (2023) 98 Cal.App.5th 60, 69 (*Olay*) [same].)

Likewise, we see no misunderstanding reflected in the trial court's comment questioning whether it "even" had discretion "to make a significant change" to the sentence. As recounted above, the court remarked that "Reed definitely has a mitigating past" and acknowledged that the scholarship supported the conclusion that few people who commit the type of crimes Reed committed lack mitigating history. The court also observed that Reed had now "come to some of the realizations" he had not come to in the past. But in declining to rest on such mitigation as a basis for striking the prior strike

9

conviction, the court made clear that, assuming it could consider such mitigation, it "[had] to look at all of the context," and the "one piece of context" it found overwhelming was "the incredibly lengthy criminal history leading up to" Reed's commission of the 2008 sexual offenses, which resulted in his 2012 convictions. Thus, it is reasonable to infer from the comment identified by Reed that the court believed the totality of the facts before it would not justify the exercise of discretion in favor of striking the prior strike conviction. Based on this record, and the absence of any affirmative showing to the contrary, we presume the trial court knew and correctly applied the settled law reflected in section 1385(a) and *Romero*, *supra*, 13 Cal.4th 497. (See *Coleman*, *supra*, 98 Cal.App.5th at p. 724.)

## B. Consideration of Circumstances

Reed separately argues the trial court "focused solely on [Reed's] criminal history," instead of also considering other circumstances like his childhood sexual abuse, mental illness diagnoses, remoteness of his 1996 prior strike conviction, current age (63 years old) relative to his length of sentence, and programming during incarceration.

In deciding whether to strike a prior strike conviction, the trial court is required to "consider 'whether, in light of the nature and circumstances of [a defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.) And " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the

10

trial court's ruling, even if we might have ruled differently in the first instance.'" (*Id.* at p. 378.)

Again, we see no abuse of discretion here. In considering Reed's request, the trial court correctly noted his lengthy and violent criminal record, which included not only the prior conviction for lewd acts upon a child but also seven convictions for indecent exposure and a conviction for failing to register as a sex offender. And despite Reed's suggestion to the contrary, there is nothing to suggest the court erroneously focused on this single factor to the exclusion of all others. (*Carmony*, *supra*, 33 Cal.4th at p. 379.) Instead, the record shows the court explicitly considered Reed's "mitigating" history and past, and then correctly explained it had "to look at all of the context" in deciding whether to grant Reed's request. We cannot conclude the trial court's refusal to strike his prior strike conviction was irrational or arbitrary. (*Id.* at p. 376.)

### C. Inapplicability of the Section 1385(c) Amendments

Finally, Reed argues the trial court failed to apply the amendments to section 1385(c) made by Senate Bill No. 81 in deciding whether to strike his prior strike conviction. Authorities uniformly hold, however, that "section 1385, subdivision (c) applies by its terms to a sentence 'enhancement,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law." (*Dowdy*, *supra*, 107 Cal.App.5th at p. 9; see *Olay*, *supra*, 98 Cal.App.5th at p. 69; *Burke*, *supra*, 89 Cal.App.5th at p. 244.) Reed does not convince us that reconsideration of these authorities is warranted.

In sum, we conclude the trial court did not abuse its discretion in declining to strike Reed's prior strike conviction.

### DISPOSITION

The judgment is affirmed.

11

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

*People v. Reed* (A170269)

12